IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Robin Hahn Arif, ) | |
| ) | |
| Plaintiff, ) | C/A No.: 7:14-cv-04614-TMC-JDA |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Staubli Corporation, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court on Defendant's motion to dismiss. [Doc. 4.] On October 1, 2014, Plaintiff filed his action in the Spartanburg County Court of Common Pleas, alleging she had been subjected to age discrimination and a hostile and abusive working environment in violation of the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 621. [Doc. 1-1.] Defendant removed the action to this Court on December 4, 2014. [Doc. 1]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

Defendant filed its motion to dismiss on December 4, 2014. [Doc. 4.] Plaintiff filed a response in opposition on December 22, 2014 [Doc. 10], and Defendant filed a reply on January 5, 2015 [Doc. 13]. The motion is ripe for review.

## BACKGROUND[1]

Plaintiff was employed by Defendant from March 1, 1990. [Doc. 1-1 ¶ 3.] Plaintiff began her career with Defendant as an administrative assistant and moved up to a Customer Service Representative, a Products Specialist, and finally a Customer Service Manager. [*Id.* ¶ 6.] Plaintiff worked on Defendant's biggest accounts up to the date of her termination, despite Defendant's claims that she was difficult to work with. [*Id.* ¶ 7.] On several occasions, Plaintiff spoke with higher management regarding problems she experienced with her co-workers and subordinates. [*Id.* ¶ 8.] Plaintiff's conversations with management were in compliance with Defendant's handbook. [*Id.*] With respect to the problems with her co-workers and subordinates, Plaintiff was told to "handle it" or "deal with it." [*Id.* ¶ 9.]

Plaintiff was responsible for hiring and firing certain departmental employees; Plaintiff was told by Bobby Canford, her supervisor, that Defendant wanted younger people, and she was instructed not to hire anyone who was not Caucasian or anyone who was more than 40 years old. [*Id.* ¶ 10.] In October 2011, Plaintiff was told by a supervisor, Andreas Brake, that she was doing well and was due for a raise soon. [*Id.* ¶ 11.] Plaintiff had received a raise each year she had been employed as a Customer Service Manager, except for one year when Defendant put a freeze on all raises. [*Id.*] Plaintiff was terminated by Defendant's Chief Financial Officer, Roger Varin, on November 21, 2012.

---

[1]For purposes of the motion to dismiss, the Court must accept as true Plaintiff's well-pleaded allegations and may rely on the Complaint and documents attached to the Complaint as exhibits or incorporated by reference. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). Thus, the following Background is a summary of the allegations contained in the Complaint, Docket Entry Number 1-1.

2

[*Id.* ¶ 5.] Plaintiff believes that at the time she was fired, Plaintiff was the highest paid woman in her department. [*Id.* ¶ 12.]

## APPLICABLE LAW

**Motion to Dismiss Standard**

   *12(b)(1)*

A motion to dismiss for lack of subject matter jurisdiction filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A motion to dismiss for lack of subject matter jurisdiction can arise in two contexts: (1) when the moving party maintains that the complaint "fails to allege facts upon which subject matter jurisdiction can be based" or (2) when the moving party asserts that the "jurisdictional allegations of the complaint [are] not true." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In the first situation, where the moving party asserts that the non-moving party has failed to allege facts establishing subject matter jurisdiction, the court must assume all the facts alleged in the complaint to be true. *Id.* In the second situation, where the moving party disputes the validity of the jurisdictional allegations in the complaint, the court may look beyond the complaint and consider other evidence, such as

affidavits, depositions, and live testimony. *Id.* The burden of proof in that situation falls on the plaintiff to demonstrate subject matter jurisdiction. *Id.*

### *12(b)(6)*

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support her claim and entitle her to relief. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief"

4

> requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" (quoting *Twombly*, 550 U.S. at 557)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

**DISCUSSION**

Defendant argues that (1) Plaintiff's age discrimination and hostile working environment claims should be dismissed as time-barred (2) Plaintiff's hostile work environment claim was not raised in her administrative Charge of Discrimination ("Charge") filed with the Equal Employment Opportunity Commission ("EEOC") and, accordingly, should be dismissed for failure to exhaust administrative remedies; and (3) Plaintiff fails to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure with respect to her age discrimination and hostile work environment claims. [Doc. 4-1.] The Court will address each argument in turn.

**Timeliness**

Defendant argues that under the ADEA, Plaintiff was required to file suit within 90 days of the termination of the EEOC's investigation into her Charge. [Doc. 4-1 at 5.] Defendant asserts that, because Plaintiff failed to comply with the requirements of the ADEA, her age-based discrimination and hostile work environment claims are time-barred. [*Id.*] Plaintiff contends that she did not receive notice that the EEOC had concluded its investigation; therefore, her claims are not time-barred. [Doc. 10 at 3.] At this procedural posture, the Court agrees that Plaintiff's claims should not be dismissed for failure to comply with the timing requirements of the ADEA.

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Prior to filing an ADEA action, a prospective plaintiff must first file a charge of age discrimination with the EEOC. *Jones v. Calvert Grp., Ltd.*, 551 F.3d

297, 300 (4th Cir. 2009). After filing an EEOC charge, the prospective plaintiff must wait at least 60 days before filing a lawsuit under the ADEA. 29 U.S.C. § 626(d). The ADEA further requires that,

> If a charge filed with the Commission under this chapter is dismissed or the proceedings of the Commission are otherwise terminated by the Commission, the Commission shall notify the person aggrieved. A civil action may be brought under this section by a person defined in section 630(a) of this title against the respondent named in the charge within 90 days after the date of the receipt of such notice.

29 U.S.C. § 626(e). This 90-day time period has been strictly construed and, absent waiver, estoppel, or equitable tolling, a lawsuit filed in excess of the 90-day period will be dismissed. *Lewis v. Norfolk S. Corp.*, 271 F.Supp.2d 807, 811 (E.D. Va. Apr. 17, 2003) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392–93 (1982)).

Here, the evidence before the Court establishes that Plaintiff's notice of right to sue was mailed on April 10, 2013. [Doc. 4-4 at 2.] Her notice of right to sue stated that she was entitled to sue "at any time from 60 days after the charge was filed until 90 days after [Plaintiff] receive[d] notice that [the EEOC had] completed action on the charge," and the EEOC had checked the box indicating that it was still investigating Plaintiff's claims. [*Id.*; 29 U.S.C. § 626(d).] Accordingly, at the time Plaintiff received her right to sue letter, the 90-day time period had not begun to run. *See* 29 U.S.C. 626(e) (stating that a plaintiff may bring an action "within 90 days after the date of the receipt of . . . notice" that the EEOC has terminated its investigation).

Defendant has provided a copy of a letter dated May 6, 2013, sent by the EEOC informing Defendant that the EEOC had concluded its investigation into the Charge. [Doc. 4-5.] Defendant argues that this letter put Plaintiff on notice that the EEOC had terminated

7

its investigation and, therefore, Plaintiff had 90 days plus mailing time from the date of the letter to file her lawsuit.  However, the letter merely serves as evidence that Defendant was informed of the conclusion of the EEOC's investigation.  Plaintiff denies that the EEOC reported to her that it had terminated its investigation.[2]  [Doc. 10 at 3.]  Further, Defendant has not established that Plaintiff did in fact receive notice that the EEOC finished its investigation, as required by the statute to start the 90-day clock.  *See* 29 U.S.C. § 626(e).  Accordingly, Plaintiff's claims should not be dismissed as time-barred at this stage of the proceedings.

**Exhaustion of Administrative Remedies**

Defendant argues that Plaintiff failed to exhaust her administrative remedies with respect to her hostile work environment claim because she did not allege it in her Charge, and, therefore, her claim should be dismissed pursuant to Rule 12(b)(1).  [Doc. 4-1 at 8–9.]  Defendant contends that the facts alleged in Plaintiff's Charge relate to her termination and not a hostile work environment claim.  [*Id.*]  Plaintiff maintains that she received unwelcome harassment at work and was told to "deal with it" when she informed her supervisors and that she relayed this information on her Charge.  [Doc 10 at 4.]  Therefore, Plaintiff argues

---

[2]Defendant argues that the 29 U.S.C. § 626(e) requires the EEOC to notify the person aggrieved when it terminates its proceedings; therefore, Plaintiff's claim that she did not receive notice of the termination is not believable and notice should be presumed.  [Doc. 13 at 4.]  However, because more facts are needed to determine whether Plaintiff received notice that the EEOC had terminated its investigation, the Court believes that the resolution of this issue is more appropriate on a motion for summary judgment.  *See Vogel v. Am. Home Products Corp. Severance Pay Plan*, 122 F.3d 1065 (4th Cir. 1997) ("A central factor in determining when the limitations period is triggered is the extent to which the claimant's failure to receive actual knowledge of the letter was due to fault of his own.").

her hostile work environment claim should not be dismissed. [*Id.*] The Court agrees that Plaintiff has failed to exhaust her administrative remedies with respect to this claim.[3]

To prevail on a hostile work environment claim, a plaintiff must show that her workplace was "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *Nat'l. R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116, (2002) (internal quotation marks omitted). Under the ADEA, an employee must exhaust her administrative remedies by filing a charge of discrimination with the EEOC. 29 U.S.C. § 626(d). Failure to exhaust administrative remedies deprives a federal court of subject-matter jurisdiction over the claim. *Jones*, 551 F.3d at 300.

Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent lawsuit. *See Chacko v. Patuxent*, 429 F.3d 505, 506 (4th Cir. 2005) (holding that a plaintiff fails to exhaust her administrative remedies where her "administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in [her] formal lawsuit"). "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC

---

[3] The Court notes that in her Complaint, Plaintiff appears to bring her hostile work environment claim pursuant to the ADEA, Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Rehabilitation Act. [Doc. 1-1 ¶ 17.] However, throughout her Charge and Complaint, Plaintiff alleges that she suffered discrimination only because of her age. Her Charge includes no reference to Title VII or the Rehabilitation Act and Plaintiff has only checked the box indicating her discrimination claim is based on age. [*See* Doc. 4-3.] To the extent that Plaintiff is bringing claims under Title VII and the Rehabilitation Act, Plaintiff has failed to exhaust these claims for the same reasons she has failed to exhaust her hostile work environment claim under the ADEA, as explained below.

charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 273 (8th Cir. 1994) (internal quotation marks and citation omitted).  In determining whether the exhaustion requirement has been met in any individual case, a court must endeavor to "strike a balance between providing notice to employers and the EEOC on the one hand and ensuring plaintiffs are not tripped up over technicalities on the other." *Sydnor v. Fairfax Cnty., VA.*, 681 F.3d 591, 594 (4th Cir. 2012).

Plaintiff's Charge contains no allegations that would support a hostile work environment claim.  The Charge is insufficient to put Defendant on notice that Plaintiff was alleging a hostile work environemnt claim in addition to a claim of age discrimination based on her termination.  Moreover, Plaintiff's hostile work environment claim is not reasonably related to her termination claim and is, therefore, beyond the scope of her Charge and any reasonable investigation that would follow.  In her Charge, Plaintiff specified November 21, 2012, the day she was terminated, as both the earliest and latest date of occurrence of discrimination, which substantiates that Plaintiff did not allege a claim of hostile work environment.  *See Chacko*, 429 F.3d at 511 (holding that a plaintiff's harassment allegations were barred because the acts alleged did not fall within the time span listed in the charge).  Accordingly, a reasonable investigation would not have uncovered Plaintiff's hostile work environment claim.  Therefore, dismissal is appropriate with respect to

Plaintiff's hostile work environment claim because Plaintiff has failed to exhaust her administrative remedies.[4]

**ADEA Claim**

Defendant argues that Plaintiff's pleadings do not satisfy the requirements under Rule 8 of the Federal Rules of Civil Procedure and that Plaintiff has failed to allege facts sufficient to plead a prima facie case of age discrimination under the ADEA. [Doc. 4-1 at 6–7.] Specifically, Defendant argues that Plaintiff has not alleged that she is a member of the protected class—that she was at least 40 years old—at the time of her termination, that she was meeting her employer's legitimate expectations at the time of her discharge, or that she was replaced by someone outside the protected class or substantially younger

---

[4]Additionally, the Court is not convinced that Plaintiff has pled facts sufficient to state a claim for hostile work environment. A workplace becomes "hostile" only "[w]hen the workplace is permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22 (1993). In determining whether a hostile work environment exists, the Supreme Court has directed courts to examine the totality of the circumstances, including "'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Faragher v. Boca Raton*, 524 U.S. 775, 787–88 (1998) (quoting *Harris*, 510 U.S. at 23). "Even a few isolated incidents of offensive conduct do not amount to actionable harassment." *Stewart v. Evans*, 275 F.3d 1126, 1134 (D.C. Cir. 2002) (citing *Hopkins v. Baltimore Gas & Elec. Co.*, 77 F.3d 745, 753 (4th Cir. 1996)).

Here, Plaintiff alleges that she had issues with her co-workers that she brought to the attention of higher management. [Doc. 1-1 ¶ 8.] However, she does not contend that these issues with her co-workers were because of her age. Accordingly, in addition to failing to exhaust her administrative remedies with respect to her hostile work environment claim, Plaintiff has not alleged any facts that are sufficient to maintain a hostile work environment claim under Rule 8.

To the extent that Plaintiff seeks to amend her Complaint [*see* Doc. 10 at 4], this request should be denied. First, as of the filing of this Report and Recommendation, Plaintiff has not moved to amend her Complaint. Second, even if Plaintiff amends her Complaint to sufficiently state a claim under Rule 8, she has still failed to exhaust her administrative remedies.

than she is. [*Id.*] Plaintiff contends that she has pled facts sufficient to satisfy the requirements of Rule 8. [Doc. 10 at 4.] The Court agrees that Plaintiff has pled facts sufficient to survive a motion to dismiss.

In *Swierkiewicz v. Sorema N.A.*, the Supreme Court held a plaintiff pursuing an age discrimination claim can survive a Rule 12(b)(6) motion to dismiss so long as the complaint satisfies the requirements of Rule 8(a), in that it gives the employer fair notice of the basis for the plaintiff's claims. 534 U.S. 506, 508 (2002) (holding an employment discrimination complaint need not contain specific facts establishing a prima facie case of discrimination under the *McDonnell Douglas*[5] framework but instead must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief"). The Fourth Circuit Court of Appeals has adopted this standard, noting that "a complaint [must] contain sufficient factual matter, accepted as true, to state claim to relief that is *plausible* on its face in the sense that the complaint's factual allegations must allow a court to draw the *reasonable inference* that a defendant is liable for the misconduct alleged." *McCleary-Evans v. Maryland Dept. Of Transp., State Highway Admin.*, 780 F.3d 582, 583 (4th Cir. Mar. 13, 2015) (citations and internal quotation marks omitted) (alterations in original).

---

[5]Under the *McDonnell Douglas* framework, an employee must first establish a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the plaintiff succeeds, the burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the adverse employment action. *Id.* By providing such an explanation, the employer rebuts the presumption of discrimination created by the prima facie case, and "[t]he presumption, having fulfilled its role of forcing the [employer] to come forward with some response, simply drops out of the picture." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 510–11 (1993) (*citing Tex. Dep't of Cmty Affairs v. Burdine*, 450 U.S. 248, 255 (1981)). If the employer articulates a legitimate, nondiscriminatory reason, the burden shifts back to the employee to show that the articulated reason was actually a pretext for retaliation. *McDonnell Douglas*, 411 U.S. at 804.

"[T]he prima facie case . . . is an evidentiary standard, not a pleading requirement, that may require demonstrating more elements than are otherwise required to state a claim for relief," therefore, "requiring a plaintiff to plead a prima facie case would amount to a heightened pleading standard." *Id.* at 584 (quoting *Swierkiewicz*, 534 U.S. 510, 511–12) (internal citations and quotation marks omitted).

Before *McCleary-Evans*, there was an obvious tension between Supreme Court and Fourth Circuit caselaw regarding the pleading requirements in employment discrimination cases. A plaintiff alleging employment discrimination claims within the Fourth Circuit was expected to plead facts sufficient to establish the elements of a prima facie case.[6] Because the Fourth Circuit "continu[ed] to apply a heightened pleading standard after *Swierkiewicz*, [it was] at odds with the Supreme Court's clear pronouncement that all elements of a prima facie case need not be supported with factual pleadings in order to survive a motion to dismiss." *Cockerham v. Stokes Cnty. Bd. of Ed.*, 302 F.Supp.2d 490, 495 (M.D.N.C. 2004). However, the Fourth Circuit Court of Appeals has since made clear that it will follow the *Swierkiewicz* standard, and, accordingly, plaintiffs alleging employment discrimination claims are no longer required to establish a prima facie case to survive a motion to

---

[6]To establish a prima facie case of age discrimination under the ADEA, a plaintiff must show that "(1) he was in the protected age group; (2) he was discharged; (3) at the time of the discharge, he was performing his job at a level that met his employer's legitimate expectations; and (4) following the discharge, he was replaced by an individual of comparable qualifications outside the protected class." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315 (4th Cir. 1993).

dismiss.[7] *McCleary-Evans*, 780 F.3d at 585. Accordingly, the Court will discuss whether Plaintiff's factual allegations state an age discrimination claim that is plausible on its face.

Here, Plaintiff alleges that she was told several times not to hire anyone over the age of 40 by her supervisor. [Doc. 1-1 ¶ 10.] Plaintiff also contends that in October 2011, she was told by one of her supervisors that she was doing well and was due for a raise soon. [*Id.* ¶ 11.] Plaintiff further alleges that Defendant's claims that she was difficult to work with were a pretext to hide Defendant's discriminatory animus. [*Id.* ¶ 15.] In her Charge, Plaintiff stated that she was 48 years old and believed that she had been discriminated against as a result of her age.[8] [Doc. 4-3.] Accordingly, the Court concludes that Plaintiff has satisfied the requirements of Rule 8 because she has given Defendant fair notice of the basis of her claims. *See Swierkiewicz*, 534 U.S. at 514 (holding that the plaintiff "easily satisfie[d] the requirements of Rule 8(a)" by detailing the events leading up to his termination, providing relevant dates, and including the ages of at least some of the relevant persons involved with his termination, which put the defendant on fair notice of what the plaintiff's claims were and the grounds upon which they rested); *Gonzalez v.*

---

[7]*McCleary-Evans* discusses the pleading standard for claims brought pursuant to Title VII; however, *Swierkiewicz* establishes the same pleading requirements for claims brought pursuant to Title VII and the ADEA.

[8]Defendant contends that Plaintiff has not provided her age; however, in the memorandum accompanying its motion to dismiss, Defendant asserts that the Court may take judicial notice of Plaintiff's Charge. [Doc. 4-1 at 4.] Defendant is correct; the EEOC Charge is a matter of public record, and "a court may consider matters of public record, items appearing in the record of the case, as well as exhibits attached to the complaint" without converting a Rule 12(b)(6) motion to a motion for summary judgment. *O'Neal v. Wal Mart Stores E. LP,* No. 4:11-cv-01239-TLW-KDW, 2012 WL 2264689, at *2 (D.S.C. Apr. 3, 2012) (quoting *Norfolk Federation of Business Districts v. City of Norfolk*, No. 96–1746, 1996 WL 671293 (4th Cir. Nov. 20, 1996), *report and recommendation adopted by* 2012 WL 2264435 (D.S.C. June 18, 2012).

*Carestream Health, Inc.*, 520 F. App'x 8, 10 (2d Cir. 2013) ("Gonzalez's complaint alleged that he is a 60–year old man with 'stellar' performance evaluations, who was terminated for pretextual reasons. When combined with his allegation that Carestream maintained substantially younger workers, we find that no further amplification was necessary to state a plausible claim of age discrimination.").[9] These allegations, taken together, are sufficient to survive a motion to dismiss because they state a plausible claim that Plaintiff was subjected to age discrimination.

## RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Defendant's motion to dismiss be GRANTED with respect to Plaintiff's hostile work environment claim and DENIED with respect to Plaintiff's age discrimination claim.

IT IS SO RECOMMENDED.

S/Jacquelyn D. Austin<br>
United States Magistrate Judge

April 13, 2015
Greenville, South Carolina

---

[9] The Court also notes that, in her response in opposition, Plaintiff alleges that she was replaced by a 23 year old and that the information was not available to her before the Complaint and Motion to Dismiss were filed. [Doc. 10 at 4] However, Plaintiff's failure to inform the Court of the age of her replacement in her initial pleading is not a dispositive factor. *See Cellamare v. Millbank, Tweed, Hadley, & McCloy LLP*, No. 03-cv-0039(FB)(LB), 2003 WL 22937683, at *6 (E.D.N.Y. Dec. 2, 2003) ("For pleading purposes, the Court concludes that Cellamare has sufficiently put Milbank on inquiry notice of her age discrimination claim. Milbank can readily determine the ages of the 'younger workers' it allegedly hired after it terminated Cellamare's employment; those employees' ages, as well as whether Milbank replaced Cellamare with them, are factual matters more appropriately addressed in summary judgment proceedings . . . .").