IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Robin Hahn Arif, | ) | |
| | ) | C/A No. 7:14-4614-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Staubli Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Robin Hahn Arif ("Arif") filed this action alleging a claim for job discrimination and a hostile and abusive working environment pursuant to 29 U.S.C. § 621. In accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Defendant Staubli Corporation's (Staubli") motion to dismiss (ECF No. 4) be granted with respect to Arif's hostile work environment claim and denied with respect to her age discrimination claim. (ECF No. 14). Arif did not file any objections, and Staubli filed a response to the Report in which it states that it disagrees with the Magistrate Judge's recommendation not to grant its motion to dismiss in its entirety, but it "is not lodging specific objections to the report . . . " (ECF No. 15 at1). Instead, pursuant to Fed.R.Civ.P. 12(f), Stubli requests that this court "slightly modify or expand upon" parts of the Report

> to either: (1) order Plaintiffs hostile work environment claim, and all related allegations that do not relate to the remaining age discrimination claim, stricken from her Complaint; or, (2) alternatively, order Plaintiff to file an amended Complaint removing the dismissed hostile work environment claim and the underlying allegations related solely to that claim. The relevant paragraphs of the Complaint that Staubli seeks stricken or removed are, in relevant part: (1) That portion of Paragraph 11 which alleges that Plaintiff was instructed by Bobby

1

> Cranford "not to hire people who were not Caucasian or 'white people';" (2) The entirety of Paragraphs 7 and 8, the allegations on which Plaintiff based her purported claim for hostile work environment; and (3) The entirety of Plaintiffs "Second Theory of Liability," including Paragraphs 16 and 17.

*Id.* at 2. Arif did not file a reply and the time to do so has now run. After considering Staubli's response to the report, the court agrees that Plaintiff Arif should file an amended complaint deleting the hostile work environment claim and the underlying allegations related to the hostile work environment claim.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report and the record in this case, the court adopts the magistrate judge's Report (ECF No. 14) and incorporates it herein. Accordingly, Defendant's motion to dismiss (ECF No. 4) is **GRANTED in part and DENIED in part,** and Plaintiff's hostile work environment claim is dismissed. **Plaintiff is ordered to file an Amended Complaint within ten days of this order.**

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

May 19, 2015
Anderson, South Carolina

2